UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Deborah Keller,

                              Plaintiff,

          - against -

Trustees of Columbia University in the City of New
York, New York-Presbyterian Hospital, and Pokala
Ravi Kiran, in his official and individual capacities

                              Defendants.

Case No. 21-cv-10905

**AMENDED ANSWER OF
DEFENDANT THE NEW
YORK AND
PRESBYTERIAN
HOSPITAL**

Defendant The New York and Presbyterian Hospital, incorrectly referred to in the Complaint as New York-Presbyterian Hospital (the "Hospital"), by its attorneys Epstein Becker & Green, P.C., answers the Complaint ("Complaint") of Plaintiff Deborah Keller as follows:

1.      Denies the allegations set forth in paragraph 1 of the Complaint.

2.      Denies the allegations set forth in paragraph 2 of the Complaint.

3.      Denies the allegations set forth in paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5.      Denies the allegations set forth in paragraph 5 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants, Trustees of Columbia University in the City of New York ("Columbia") and Pokala Ravi Kiran ("Kiran").

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7.      Denies the allegations set forth in paragraph 7 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

8.      Denies the allegations set forth in paragraph 8 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

9.      Denies the allegations set forth in paragraph 9 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

10.     Paragraph 10 of the Complaint sets forth a description of the action and the statutes pursuant to which Plaintiff is asserting claims to which no response is required. To the extent Paragraph 10 is deemed to contain factual allegations, the Hospital denies that there is any basis for relief and avers that the Hospital has not engaged in any conduct that entitles Plaintiff to damages or relief.  The Hospital denies knowledge or information sufficient to form a belief as to the truth of any contentions of fact set forth in paragraph 10 of the Complaint concerning defendants other than the Hospital.

11.     Denies the allegations set forth in paragraph 11 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

12.     Paragraph 12 of the Complaint sets forth statements and conclusions of law regarding jurisdiction to which no response is required.  To the extent a response is required, the Hospital denies the allegations and avers that the Hospital has not engaged in any conduct that entitles Plaintiff to damages or relief.

13.     Paragraph 13 of the Complaint sets forth statements and conclusions of law regarding jurisdiction to which no response is required.  To the extent a response is required, the Hospital denies the allegations and avers that the Hospital has not engaged in any conduct that entitles Plaintiff to damages or relief.

14.     Paragraph 14 of the Complaint sets forth statements and conclusions of law regarding venue to which no response is required.  To the extent a response is required, the Hospital admits that venue is proper and avers that the Hospital has not engaged in any conduct giving rise to a claim.

15.     Denies the allegations set forth in paragraph 15 of the Complaint, except admits that Plaintiff filed a Charge with the EEOC.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     Denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Denies the allegations set forth in Paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19 of the Complaint.

20.     Denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Denies the allegations set forth in Paragraph 21 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form

a belief as to the truth of the allegations concerning the purported actions of the other defendants.

22. Denies knowledge or information sufficient to form a belief as to the truth of those allegations set forth in paragraph 22 of the Complaint.

23. Denies the allegations set forth in paragraph 23 of the Complaint.

24. Denies the allegations set forth in paragraph 24 of the Complaint, except admits that Plaintiff was admitted to practice at the Hospital as Assistant Attending Surgeon.

25. Denies the allegations set forth in paragraph 25 of the Complaint.

26. Denies the allegations set forth in paragraph 26 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding Columbia.

27. Denies the allegations set forth in paragraph 27 of the Complaint.

28. Denies the allegations set forth in paragraph 28 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Columbia.

29. Denies the allegations set forth in paragraph 29 of the Complaint.

30. Denies the allegations set forth in paragraph 30 of the Complaint.

31. Denies the allegations set forth in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint, except denies Plaintiff was subject to any retaliation by the Hospital.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint, except denies Plaintiff was subject to any retaliation by the Hospital.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint, except denies Plaintiff was subject to any discrimination by the Hospital.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55.     Denies that the Hospital provided an unsafe level of patient care, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint.

56. Denies that Saleha Ahmed is an employee within the Hospital's human resources department, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint, except states that Dr. Craig Smith holds the title of Surgeon-in-Chief at NewYork-Presbyterian Columbia University Irving Medical Center.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63. Denies that William Innes is the Hospital's Chief Human Resources Officer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint.

71.     Denies the allegations set forth in paragraph 71 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the Complaint.

87.     Denies the allegations contained in Paragraph 87 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

88. Denies the allegations contained in Paragraph 88 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Complaint.

90. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint.

91. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Complaint.

92. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint.

93. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Complaint.

94. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the Complaint.

95. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Complaint.

96. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint, except to the extent Plaintiff contends the allegations set forth in paragraph 99 of the Complaint occurred at the Hospital, denies that the Hospital assigned less than qualified staff to assist with an abdominal surgery.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of the Complaint.

103.    Admits the allegations set forth in paragraph 103 of the Complaint.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the Complaint.

105.    Denies the allegations set forth in paragraph 105 of the Complaint.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the Complaint.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the Complaint.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the Complaint, except states that Plaintiff returned to the room several hours later to help once the colon was exposed.

109. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109 of the Complaint, except admits that Dr. Kiely performed a colotomy.

110. Denies the allegations set forth in paragraph 110 of the Complaint.

111. Denies the allegations set forth in paragraph 111 of the Complaint.

112. Denies the allegations set forth in paragraph 112 of the Complaint.

113. Denies the allegations set forth in paragraph 113 of the Complaint.

114. Denies the allegations set forth in paragraph 114 of the Complaint, except admits that Plaintiff was photographed holding the object removed from the patient.

115. Denies the allegations set forth in paragraph 115 of the Complaint.

116. Denies the allegations set forth in paragraph 116 of the Complaint.

117. Denies the allegations set forth in paragraph 117 of the Complaint.

118. Denies the allegations set forth in paragraph 118 of the Complaint, except admits that Plaintiff was on administrative leave on or about February 5, 2020.

119. Denies the allegations set forth in paragraph 119 of the Complaint.

120. Denies the allegations set forth in paragraph 120 of the Complaint.

121. Denies the allegations set forth in paragraph 121 of the Complaint.

122. Denies the allegations set forth in paragraph 122 of the Complaint, except admits that the Hospital suspended Plaintiff's clinical privileges on or about February 13, 2020.

123. Denies the allegations set forth in paragraph 123 of the Complaint.

124. Denies the allegations set forth in paragraph 124 of the Complaint.

125. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of the Complaint.

126.     Denies the allegations set forth in paragraph 126 of the Complaint.

127.     Denies the allegations set forth in paragraph 127 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

128.     Denies the allegations set forth in paragraph 128 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

129.     Denies the allegations set forth in paragraph 129 of the Complaint, except admits that the Hospital's Medical Board heard Plaintiff's appeal of her suspension on August 7, 2020 and refers to Hospital's Medical Staff Bylaws for the terms contained therein.

130.     Denies the allegations set forth in paragraph 130 of the Complaint.

131.     Denies the allegations set forth in paragraph 131 of the Complaint.

132.     Denies the allegations set forth in paragraph 132 of the Complaint.

133.     Denies the allegations set forth in paragraph 133 of the Complaint.

134.     Denies the allegations set forth in paragraph 134 of the Complaint.

135.      Denies the allegations set forth in paragraph 135 of the Complaint.

136.     Denies the allegations set forth in paragraph 136 of the Complaint.

137.     Denies the allegations set forth in Paragraph 137 of the Complaint.

138.     Denies the allegations set forth in Paragraph 138 of the Complaint.

139.     Denies the allegations set forth in paragraph 139 of the Complaint, except admits that Plaintiff appealed the Hearing Committee's decision.

140.     Denies the allegation set forth in paragraph 140 of the Complaint, except admits that Hospital's Appellate Review Committee affirmed the Hearing Committee's decision.

141.     Denies the allegations set forth in paragraph 141 of the Complaint.

142.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 142 of the Complaint, except admits that the NPDB is a confidential information clearing house created by Congress.

143.     Denies the allegations set forth in paragraph 143 of the Complaint.

144.     Denies the allegations set forth in paragraph 144 of the Complaint.

145.     Denies the allegations set forth in paragraph 145 of the Complaint.

146.     Paragraph 146 of the Complaint sets forth contentions and conclusions of law to which no response is required.  To the extent a response is required, the Hospital denies the allegations.

147.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 147 of the Complaint.

148.     Denies the allegations set forth in paragraph 148 of the Complaint.

149.     Denies the allegations set forth in paragraph 149 of the Complaint.

150.     Denies the allegations set forth in paragraph 150 of the Complaint.

151.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 151 of the Complaint, except denies that the information set forth in the NPDB reports was false or retaliatory.

152.      Denies the allegations set forth in paragraph 152 of the Complaint.

153.     Denies the allegations set forth in paragraph 153 of the Complaint.

154.     Denies the allegations set forth in paragraph 154 of the Complaint.

155.    Denies the allegations set forth in paragraph 155 of the Complaint.

**Response to First Cause of Action**

156.    In response to paragraph 156 of the Complaint, incorporates by this reference its prior responses to the paragraphs of the Complaint referenced therein.

157.    Denies the allegations set forth in paragraph 157 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of Columbia.

158.    Denies the allegations set forth in paragraph 158 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of Columbia.

159.    Denies the allegations set forth in paragraph 159 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of Columbia.

160.    Denies the allegations set forth in paragraph 160 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

**Response to Second Cause of Action**

161.    In response to paragraph 161 of the Complaint, incorporates by this reference its prior responses to the paragraphs of the Complaint referenced therein.

162.     Denies the allegations set forth in paragraph 162 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of Columbia.

163.     Denies the allegations set forth in paragraph 163 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of Columbia.

164.     Denies the allegations set forth in paragraph 164 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of Columbia.

165.     Denies the allegations set forth in paragraph 165 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of Columbia.

### Response to Third Cause of Action

166.     In response to paragraph 166 of the Complaint, incorporates by this reference its prior responses to the paragraphs of the Complaint referenced therein.

167.     Denies the allegations set forth in paragraph 167 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

168.    Denies the allegations set forth in paragraph 168 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

169.    Denies the allegations set forth in paragraph 169 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

170.    Denies the allegations set forth in paragraph 170 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

## Response to Fourth Cause of Action

171.    In response to paragraph 171 of the Complaint, incorporates by this reference its prior responses to the paragraphs of the Complaint referenced therein.

172.    Denies the allegations set forth in paragraph 172 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

173.    Denies the allegations set forth in paragraph 173 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

174.    Denies the allegations set forth in paragraph 174 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

175.    Denies the allegations set forth in paragraph 175 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

## Response to Fifth Cause of Action

176.    In response to paragraph 176 of the Complaint, incorporates by this reference its prior responses to the paragraphs of the Complaint referenced therein.

177.    Provides no response to paragraph 177 of the Complaint as it is asserted against only defendant Kiran.

178.    Provides no response to paragraph 178 of the Complaint as it is asserted against only defendant Kiran.

179.    Provides no response to paragraph 179 of the Complaint as it is asserted against only defendant Kiran.

180.    Provides no response to paragraph 180 of the Complaint as it is asserted against only defendant Kiran.

## Response to Sixth Cause of Action

181.    In response to paragraph 181 of the Complaint, incorporates by this reference its prior responses to the paragraphs of the Complaint referenced therein.

182.    Denies the allegations set forth in paragraph 182 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

183. Denies the allegations set forth in paragraph 183 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

184. Denies the allegations set forth in paragraph 184 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

185. Denies the allegations set forth in paragraph 185 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

## Response to Seventh Cause of Action

186. In response to paragraph 186 of the Complaint, incorporates by this reference its prior responses to the paragraphs of the Complaint referenced therein.

187. Denies the allegations set forth in paragraph 187 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

188. Denies the allegations set forth in paragraph 188 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

189.    Denies the allegations set forth in paragraph 189 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

190.    Denies the allegations set forth in paragraph 190 of the Complaint concerning purported actions of the Hospital, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported actions of the other defendants.

### Response to Eighth Cause of Action

191.    In response to paragraph 191 of the Complaint, incorporates by this reference its prior responses to the paragraphs of the Complaint referenced therein.

192.    Provides no response to paragraph 192 of the Complaint as it is asserted against only defendant Kiran.

193.    Provides no response to paragraph 193 of the Complaint as it is asserted against only defendant Kiran.

194.    Provides no response to paragraph 194 of the Complaint as it is asserted against only defendant Kiran.

195.    Provides no response to paragraph 195 of the Complaint as it is asserted against only defendant Kiran.

In response to the WHEREFORE clause and its subparts following paragraph 195 of the Complaint, denies any factual allegations contained therein or implied thereby, and denies that Plaintiff is entitled to recover any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burdens that it would not otherwise bear, the Hospital asserts the following affirmative defenses. In asserting the following affirmative defenses, Defendant does not waive any applicable affirmative defense, and reserves the right to assert and rely upon such other applicable affirmative defenses as may become available or apparent during the course of the proceedings. Defendant further reserves the right to amend its Answer and/or affirmative defenses accordingly, and/or delete affirmative defenses that it determines are not applicable.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims under Title VII of the Civil Rights Act of 1964 are barred, in whole or in part, by her failure to satisfy the administrative prerequisites to file an action under the statute.

### THIRD AFFIRMATIVE DEFENSE

Before and throughout the relevant period, the Hospital complied with well-established policies, programs and procedures for the prevention and detection of unlawful harassing, discriminatory, or retaliatory conduct.

### FOURTH AFFIRMATIVE DEFENSE

All actions taken by the Hospital with respect to Plaintiff (if any) were nondiscriminatory, based on reasonable and legitimate business factors, and were undertaken in good faith, and in compliance with all applicable laws, rules, and regulations.  Further, the Hospital would have taken the same actions (if any) toward

Plaintiff in the absence of any alleged impermissible motivating factors, of which there were none.

### FIFTH AFFIRMATIVE DEFENSE

The Hospital did not encourage, condone, or ratify any of the alleged discriminatory conduct alleged by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for reinstatement of Hospital privileges are barred by failure to exhaust administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, unclean hands, estoppel, laches, and/or after-acquired evidence.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to plead facts necessary to sustain a claim for punitive damages, attorneys' fees or equitable relief and/or the Court lacks authority to order requested equitable relief.

### NINTH AFFIRMATIVE DEFENSE

The conduct complained of by Plaintiff consists of nothing more than "petty slights and trivial inconveniences," which are not actionable under the law and Plaintiff has not been treated less well than her co-workers or counterparts.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages as a result of the actions or omissions of the Hospital, and any recovery must be reduced, by virtue of any failure by Plaintiff to exercise reasonable diligence to mitigate her alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the exclusivity of the New York Workers' Compensation Law.

## TWELFTH AFFIRMATIVE DEFENSE

The Hospital did not employ Plaintiff jointly or otherwise.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of any failure by Plaintiff to exercise reasonable diligence to mitigate her alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

If the Hospital engaged in any of the unlawful acts alleged in the Complaint, which it denies, then it did not engage in such acts intentionally, willfully, with malice and/or with reckless indifference to Plaintiff's protected rights.

## FIFTEENTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction with respect to Plaintiff's claims concerning the suspension and termination of Hospital privileges and her request for reinstatement of Hospital privileges.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are fully, or in part, barred by collateral and/or judicial estoppel.

**********************************

WHEREFORE, Defendant The New York and Presbyterian Hospital respectfully requests that the Court deny the relief sought by Plaintiff and enter an Order dismissing the Complaint against the Hospital in its entirety, together with attorneys' fees and costs

of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 28, 2022

EPSTEIN BECKER & GREEN, P.C.

By:  */s/Lauri F. Rasnick*
James S. Frank
Melissa L. Jampol
Lauri F. Rasnick
Daniel J. Green
875 Third Avenue
New York, New York  10022
(212) 351-4500
JFrank@ebglaw.com
MJampol@ebglaw.com
LRasnick@ebglaw.com
DJGreen@ebglaw.com
*Attorneys for Defendant The New York and Presbyterian Hospital*