*Revised: April 22, 2021*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

Keller,

                           Plaintiff(s),

       -against-

NewYork-Presbyterian Hospital, et al.

                         Defendant(s).

-----------------------------------------------------------x

No. 21-cv-10905 (AJN) (SDA)

**REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on April 4, 2022 and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

**Plaintiff:**
Please see the annexed supplement for the Parties' summary of claims, defenses and issues.

**Defendant:**
Please see the annexed supplement for the Parties' summary of claims, defenses and relevant issues.

2. **Basis of Subject Matter Jurisdiction:** Federal question and diversity

1

*Revised: April 22, 2021*

3. **Subjects on Which Discovery May Be Needed**

<u>Plaintiff:</u>
Discovery will be needed on the motivations for the adverse acts to which Plaintiff was subjected, the handling of her complaints by Defendants, including any investigations performed by Defendants, and the rationale for the suspension of her privileges and the negative reports to the National Practitioners' Database

<u>Defendant:</u>
Discovery will be needed regarding, inter alia, Plaintiff's misconduct, Plaintiff's basis for her allegations, including but not limited to, her claims that NYPH and Columbia are joint employers, her purported damages, including claims for alleged emotional distress and her failure to mitigate.

4. **Initial Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Plaintiff(s) on ___n/a___. In addition, on ___n/a___, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Defendant(s) on ___n/a___. In addition, on ___n/a___, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

a. All fact discovery must be completed by _180 days from the conclusion of an unsuccessful mediation_.

b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court,

*Revised: April 22, 2021*

provided that the parties meet the deadline for completing fact discovery set forth in 5(a) above.

    i. **Depositions**: Depositions shall be completed by __22 weeks after mediation__ and limited to no more than __10__ depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    ii. **Interrogatories**: Initial sets of interrogatories shall be served on or before __14 days after mediation__ All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

    iii. **Requests for Admission**: Requests for admission must be served on or before __30 days before the__ end of fact discovery

    iv. **Requests for Production**: Initial requests for production were/will be exchanged on __14 days after mediation__ and responses shall be due on __30 days after service__. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

    v. **Supplementation**: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

__The parties agreed that there will be a need for a comprehensive protective order.__

7. **Amendments to Pleadings**

    a. Are there any amendments to pleadings anticipated? __None__

    b. Last date to amend the Complaint: __10 days after mediation__

*Revised: April 22, 2021*

8. **Expert Witness Disclosures**

At this time, the parties (do)/do not (circle one) anticipate utilizing experts.  Expert discovery shall be completed by __Insofar as the Parties anticipate any expert discovery will be related solely to damages issues,__.

9. **Electronic Discovery and Preservation of Documents and Information**

   a.  Have the parties discussed electronic discovery?  __Yes__

   b.  Is there an electronic discovery protocol in place?  If not, when the parties except to have one in place?  __The Parties anticipate finalizing a protocol within 7 days from the service of discovery requests__

   c.  Do the parties want the Court to enter a Rule 502(d) Order? (*see* Rule 502(d) Order)

   Yes ____     No __X__

   d.  Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?
   __No__

10. **Anticipated Motions**

    Defendants anticipate making motions for summary judgment.

11. **Early Settlement or Resolution**

The parties have/have not (circle one) discussed the possibility of settlement.  The parties request a settlement conference by no later than __n/a__.  The following information is needed before settlement can be discussed:

   __The Parties are participating in the Court's mediation program for employment cases.__

12. **Trial**

   a.  The parties anticipate that this case will be ready for trial by ____ 60 days after the later of the close of expert discovery or the disposition of a motion for summary judgment.

4

*Revised: April 22, 2021*

    b.    The parties anticipate that the trial of this case will require __7__ days.

    c.    The parties do / **(do not)** (circle one) consent to a trial before a Magistrate Judge at this time.

    d.    The parties request **(a jury)** / bench (circle one) trial.

13. **Other Matters**

The Parties have not served Initial Disclosures pursuant to the Pilot Discovery Protocols for Counseled Employment Cases

Respectfully submitted this __19__ day of __April, 2022__.

ATTORNEYS FOR PLAINTIFF(S):　　　　　　　　ATTORNEYS FOR DEFENDANT(S):

/s_____
George D. Vallas, Esq.
Andrew S. Goodstadt, Esq.
Goodstadt Law Group, PLLC
520 Eighth Avenue, 14th Floor
New York, New York 10018

Lauri F. Rasnick, Esq.
Daniel J. Green, Esq.
Epstein Becker & Green, LLC
875 Third Avenue
New York, NY 10022

Attorneys for NewYork-Presbyeterian Hospital

_____
Susan D. Friedfel, Esq.
Poonam Sethi, Esq.
Jackson Lewis P.C.
44 South Broadway
14th Floor
White Plains, NY 10601
Attorneys for Trustees of Columbia University based in the City of New York and Dr. Pokala Ravi Kiran

**Supplement to Report of Rule 26(f) Meeting and Proposed Case Management Plan**

1. **Summary of Claims, Defenses and Relevant Issues**

**Plaintiff:**

Plaintiff is asserting claims under Title VII, the New York State Human Rights Law and the New York City Human Rights Law of discrimination on the basis of her gender and retaliation against Defendants NewYork-Presbyterian Hospital ("NYP" or the "Hospital"), Trustees of Columbia University based in the City of New York ("Columbia" or the "University") and Dr. Pokala Ravi Kiran arising out of her employment as an Instructor of Surgery at the Columbia University Medical Center and Hospital under the supervision of Dr. Kiran. In particular, Plaintiff asserts that she was jointly employed by the Hospital and Columbia University, that she was discriminated against on the basis of her gender by her supervisor Dr. Kiran, who is individually liable under state and local law, as well as other executives of the Hospital and the University, and that Defendants retaliated against her for her protected complaints by, *inter alia*, providing her less favorable work assignments and staff support, declining to renew her employment agreement, suspending her privileges at the Hospital, cutting her salary, and filing adverse public reports against her with the National Practitioners' Database for an incident for which she was individually blameless and for which her male colleagues were not similarly reprimanded.

**Defendants Columbia and Dr. Kiran ("Columbia Defendants"):**

Columbia Defendants deny Plaintiff's allegations of gender discrimination and retaliation. Plaintiff was hired by Columbia as an Assistant Professor of Surgery at Columbia University Medical Center for a two-year term ending June 30, 2020 and was granted clinical privileges as an Assistant Attending Surgeon at NYP in connection with her employment with Columbia. On December 9, 2019, Columbia informed Plaintiff that her appointment would not be renewed and

her employment would terminate on June 30, 2020. Prior to the conclusion of her appointment, NYP determined that Plaintiff had engaged in unprofessional conduct in violation of NYP policies and revoked Plaintiff's clinical privileges to practice medicine at NYP. Columbia Defendants had no role in suspending Plaintiff's privileges at the Hospital or in filing reports about her with the National Practitioners' Database. Once Plaintiff's privileges were revoked by NYP, Columbia reduced her salary proportionally due to her inability to engage in clinical activity. The Columbia Defendants' actions regarding Plaintiff were based upon legitimate, non-discriminatory reasons unrelated to Plaintiff's sex, gender and/or protected activity.

**Defendant The New York and Presbyterian Hospital:**

The Hospital denies there is any factual or legal basis for Plaintiff's claims of gender discrimination and retaliation against it. As an initial matter, neither Plaintiff nor individual defendant Dr. Ravi Kiran was employed by the Hospital; they were both employed by Columbia. Columbia set their salaries, benefits, and terms and conditions of employment and was responsible for Plaintiff's hiring and termination of employment, not the Hospital. Plaintiff did not complain to the Hospital about Dr. Kiran and has no basis to allege retaliation or discrimination against it for suspending her privileges. Plaintiff's privileges at the Hospital were suspended and then terminated because of her serious egregious misconduct. This determination regarding Plaintiff's privileges was upheld pursuant to a hearing before a Medical Review Board. In sum, the Hospital's actions regarding Plaintiff were not employment decisions and were based upon legitimate, non-discriminatory reasons unrelated to Plaintiff's sex, gender and/or protected activity.